UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN F. NIESZNER,

    Plaintiff,

    v.

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security,
Agency,

    Defendant.

Civil No. 08-130 (PJS/JJG)

**REPORT AND RECOMMENDATION**

This matter is presently before the Court, on the Court's own initiative, for the purpose of determining whether Plaintiff has effected service of process on the named Defendant within the 120-day time limit prescribed by Fed. R. Civ. P. 4(m).

When Plaintiff commenced this action on January 10, 2008, he did not pay the $350.00 filing fee prescribed by 28 U.S.C. § 1914(a), but he instead applied for leave to proceed in forma pauperis, ("IFP"). Plaintiff's IFP application was denied, (see Order dated January 14, 2008; [Docket No. 4]), and he was given an opportunity to pay the filing fee, and then prosecute his claims in this case as a non-IFP litigant. On January 22, 2008, Plaintiff paid the filing fee, and thereby elected to proceed as a non-IFP litigant. A summons was issued, but Plaintiff did not effect service of process on Defendant.

On June 9, 2008, the Court received a letter from Plaintiff, (Docket No. 7),

which indicated that he had not realized that as a non-IFP litigant, it was his responsibility to effect service of process on Defendant in accordance with Fed. R. Civ. P. 4.  In response to that letter, the Court entered an order, dated June 12, 2008, which clearly apprised Plaintiff that he would indeed be solely responsible for serving the named Defendant.  (Docket No. 8.)  Although Fed. R. Civ. P. 4(m) requires service of process to be completed within 120 days after the complaint is filed, the Court extended that deadline for Plaintiff's benefit.  However, the Court's prior order of June 12, 2008, expressly stated that:

> "By no later than August 1, 2008, Plaintiff shall (a) effect service of process on the named Defendant in accordance with Fed. R. Civ. P 4, and (b) file proof of such service with the Court, failing which it will be recommended that this action be summarily dismissed without prejudice."

The deadline for complying with the Court's order of June 12, 2008, has now expired, and, as far as the Court can tell, Plaintiff has made no effort to comply with that order.  No proof of service has been filed, and there is nothing on the Clerk's docket sheet which suggests that Defendant is aware of this lawsuit.  Furthermore, Plaintiff has made no effort to communicate with the Court since the last order was entered in this case.

Therefore, the Court will now recommend, in accordance with the order of June 12, 2008, that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 4(m) and 41(b).  See Henderson v. Renaissance Grand Hotel,

No. 07-1426, (8th Cir. 2008), 2008 WL 540172, (unpublished opinion) at *1 ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.


Dated:  August 29, 2008             s/ *Jeanne J. Graham*
                                    JEANNE J. GRAHAM
                                    United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 16, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.