UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOHN F. NIESZNER,                                   Case No. 08-CV-0130 (PJS/JJG)

        Plaintiff,

v.

                                             ORDER ADOPTING REPORT AND
MICHAEL CHERTOFF, Secretary,          RECOMMENDATION
Department of Homeland Security Agency,

        Defendant.

---

      John F. Nieszner, pro se.

      This matter is before the Court on plaintiff John Nieszner's objections to the September 2, 2008 Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham.  The Court has reviewed de novo those aspects of the R&R to which Nieszner has objected, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and has carefully considered all of Nieszner's objections, including those made by Nieszner in the September 15, 2008 addendum to his September 12, 2008 objection.  The Court adopts Judge Graham's R&R.

      Judge Graham, in an order dated June 12, 2008, extended until August 1, 2008 the deadline for Nieszner to serve the summons and complaint in this action.  Judge Graham also informed Nieszner that if he did not meet that deadline, she would "recommend that this action be summarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and 41(b)."  Order June 12, 2008 at 2 [Docket No. 8].

      Nieszner appears to contend that he failed to meet this extended deadline because he was looking for an attorney to effect service of process. Obj. at 11 ("As I read and reread [the R&R],

I could see that maybe it would have been a great idea to keep some kind of contact with what kind of efforts and progress I was or was not making in terms of hiring another att[orney] on a contingency or if possible a pro bono [basis] that could get those papers served to Secretary Chertoff in Wash[ington], D.C."). Nieszner's inability to retain an attorney does not excuse him from serving the summons and complaint in this action. A party does not need to hire an attorney to serve a summons and complaint on the United States government. Rule 4(i) of the Federal Rules of Civil Procedure — which is available on the Internet or from any public library — explains how to serve the United States government, its agencies, and employees. It is a simple process — a process that pro se litigants follow every day.

The Court also notes that in his objection, Nieszner repeatedly asks for a court-appointed attorney. As a general rule, civil litigants like Nieszner do not have a right to court-appointed counsel. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998)  In determining whether to appoint counsel for an indigent civil litigant, courts consider the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his claim. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court will not appoint counsel in this case for several reasons. Judge Graham found that Nieszner was not indigent and denied his application for *in forma pauperis* status. Notwithstanding Nieszner's assertions about his poverty in his objection, Judge Graham's ruling was not clearly erroneous. Non-indigent civil litigants can retain their own counsel. Further, the heart of Nieszner's claim seems to be his allegation that his employment with the Transportation Safety Agency was unlawfully terminated. This particular claim is not especially complex, and

Nieszner has demonstrated his ability to present evidence about this claim through his written submissions.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court OVERRULES Nieszner's objection [Docket No. 11] and ADOPTS Judge Graham's Report and Recommendation [Docket No. 10].  Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 17, 2008          s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge